**REED SMITH LLP**
Sara A. Begley, Esq. (PA ID: 49120)
Don A. Innamorato, Esq. (PA ID: 46633)
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Tel. (215) 851-8100
Fax. (215) 851-1420
*Attorneys for Defendant*

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK ZGRABLICH,** | **DOCUMENT ELECTRONICALLY FILED** |
| Plaintiff, | **CIVIL ACTION NO. 2:15-cv-04665-RBS** |
| v. | |
| **CARDONE INDUSTRIES, INC.,** | |
| Defendant. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

## **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ....................................................................................... 1

II. PROCEDURAL HISTORY ............................................................................................... 2

III. LEGAL ARGUMENT ........................................................................................................ 2

    A. Plaintiff's Motion to Remand Should Be Denied Because His Claims Are Preempted by Erisa ................................................................................................ 2

        1. Plaintiff's Agreement Is a Severance Program Governed Exclusively by Erisa ................................................................................... 3

        2. Plaintiff's Claims Relate to the Erisa Plan ...................................................... 7

    B. The Agreement's Choice-of-Law Provision Does Not Waive Defendant's Right to Raise Erisa Preemption as a Matter of Fact And Law .............................. 8

    C. The Court Should Reject Plaintiff's Request for Attorneys' Fees ......................... 11

IV. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

                                                                                                                                          **Page(s)**

**Cases**

Alston v. Atlantic Electric Co.,
    962 F. Supp. 616 (D.N.J. 1997) ............................................................................................. 4, 6

Angst v. Mack Truck, Inc.,
    969 F.2d 1530 (3d Cir. 1992) ................................................................................................. 6, 7

Beneficial Nat'l Bank v. Anderson,
    539 U.S. 1 (2003) ........................................................................................................................ 2

Brandl v. Ace USA,
    No. 10-03512, 2011 WL 129422 (E.D. Pa. Jan. 14, 2011) ....................................................... 8

Bruce v. Allianz Life Ins. Co.,
    247 F.3d 1133 (11th Cir. 2001) ............................................................................................... 10

Cantrell v. Briggs & Veselka Co.,
    728 F.3d 444 (5th Cir. 2013) ..................................................................................................... 7

Caterpillar, Inc. v. Williams,
    482 U.S. 386 (1987) ................................................................................................................... 2

Dakota, Minn. & E.R.R. v. Schieffer,
    648 F.3d 935 (8th Cir. 2011) ........................................................................................ 7, 11, 12

Dueringer v. Gen. Am. Life Ins. Co.,
    842 F.2d 127 (5th Cir. 1988) ................................................................................................... 10

Fort Halifax Packing Co. Inc. v. Coyne,
    482 U.S. 1 (1987) ........................................................................................................... 3, 4, 12

Gilchrist v. Jim Slemons Imports, Inc.,
    803 F.2d 1488 (9th Cir. 1986) ................................................................................................ 10

Ingersoll-Rand Co. v. McClendon,
    498 U.S. 133 (1990) ................................................................................................................... 7

Lyall v. Airtran Airlines, Inc.,
    109 F. Supp. 2d 365 (E.D. Pa. 2000) ..................................................................................... 11

Martin v. Franklin Capital,
    546 U.S. 132 (2005) ................................................................................................................. 11

McMahon v. McDowell,
    794 F.2d 100 (3d Cir. 1986) ..................................................................................................... 8

Pane v. RCA Corp.,
    667 F. Supp. 168 (D.N.J. 1987), *aff'd*, 868 F.2d 631 (3d Cir. 1989)..........................................3

Pane v. RCA Corp.,
    868 F.2d 631 (3d Cir. 1989)................................................................................3, 4, 5, 6, 7, 11

Petersen v. E.F. Johnson Co.,
    366 F.3d 676 (8th Cir. 2004) ............................................................................................4, 5, 6

Pilot Life Ins. Co. v. Dedeaux,
    481 U.S. 41 (1987)......................................................................................................................7

Prudential Ins. Co. of Am. v. Doe,
    140 F.3d 785 (8th Cir. 1998) ......................................................................................................9

Rehab Inst. of Pittsburgh v. Equitable Life Assurance Soc'y of U.S.,
    131 F.R.D. 99 (W.D. Pa. 1990) ................................................................................................10

Saks v. Franklin Covey Co.,
    316 F.3d 337 (2d Cir. 2003)................................................................................................9, 10

In re Sears Retiree Grp. Life Ins. Litig.,
    90 F. Supp. 2d 940 (N.D. Ill. 2000) ...........................................................................................9

Shaw v. Delta Air Lines, Inc.,
    463 U.S. 85 (1983)......................................................................................................................7

Tomkins v. United Healthcare of New Eng. Inc.,
    203 F.3d 90 (1st Cir. 2000) .......................................................................................................9

Valdes v. Wal-Mart Stores,
    199 F.3d 290 (5th Cir. 2000) ...................................................................................................11

Way v. Ohio Cas. Ins. Co.,
    346 F. Supp. 2d 711 (D.N.J. 2004) ...........................................................................................3

Wolf v. Reliance Standard Life Ins. Co.,
    71 F.3d 444 (1st Cir. 1995).......................................................................................................10

**Statutes**

28 U.S.C. § 1367................................................................................................................................8

28 U.S.C. § 1447(c) ....................................................................................................................1, 11

29 U.S.C. § 1144(a) ..................................................................................................................2, 3, 7

29 U.S.C. § 1144(c)(1).......................................................................................................................3

43 P.S. § 260.1 et seq.......................................................................................................................8

I.       **PRELIMINARY STATEMENT**

In his original Complaint, Plaintiff Frank Zgrablich ("Plaintiff") purports to state a claim for breach of his August 30, 2007 Employment Agreement (the "Agreement").  Specifically, Plaintiff claims that Defendant Cardone Industries, Inc. ("Cardone" or "Defendant") failed to pay him severance benefits under the Agreement.  As the Agreement is a welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), Cardone timely removed the Complaint on August 17, 2015.  Following Defendant's removal, Plaintiff filed an Amended Complaint and, the next day, filed his pending Motion to Remand.

Plaintiff asserts that remand is appropriate, claiming the Agreement is not an ERISA plan.  However, contrary to Plaintiff's assertions, the United States Court of Appeals for the Third Circuit has expressly held that agreements providing deferred compensation to a select group of highly compensated management employees are ERISA plans.  Accordingly, under governing law, this Court has original jurisdiction over Plaintiff's Complaint and Defendant properly removed it to this Court.

Plaintiff's additional argument that Defendant somehow waived ERISA preemption through the Agreement's choice-of-law provision is factually and legally incorrect.  In fact, the choice-of-law provision plainly envisions actions within this Court, as the provision states that both parties to the Agreement consent to jurisdiction "in the federal courts in District of Pennsylvania."  Moreover, as a matter of law, a party cannot waive ERISA preemption through a choice-of-law provision.

Finally, as Defendant properly removed Plaintiff's Complaint (and, in any event, had an objectively reasonable basis for doing so), Plaintiff's request for attorneys' fees for improper removal under 28 U.S.C. § 1447(c) is without merit, and also must be denied.

1

## II.     PROCEDURAL HISTORY

Plaintiff commenced this action on or about July 15, 2015 by filing a Complaint against Defendant in the Court of Common Pleas of Bucks County, Pennsylvania, captioned <u>Frank Zgrablich v. Cardone Industries, Inc.</u>, Docket No. L-2015-04190.  On August 17, 2015, Defendant timely removed the action to this Court as it raised a federal question pursuant to ERISA.

On September 14, 2015, Plaintiff filed his First Amended Complaint.  In his Amended Complaint, Plaintiff adds an additional claim, asserting that Defendant's alleged failure to pay him benefits under the Agreement violated the Pennsylvania Wage Payment and Collection Law.  The Amended Complaint also eliminated Plaintiff's request for damages related to Defendant's alleged failure to continue his health insurance coverage under the terms of the Agreement.  On the following day, Plaintiff filed his Motion to Remand.

## III.    LEGAL ARGUMENT

### A.     Plaintiff's Motion to Remand Should Be Denied Because His Claims Are Preempted by ERISA

In determining the presence of federal question jurisdiction, the "well-pleaded complaint rule" governs.  See <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  The "complete pre-emption doctrine," however, provides an exception to the well-pleaded complaint rule.  <u>Id.</u>  Pursuant to this doctrine, "a state claim may be removed to federal court . . . when a federal statute wholly displaces the state law cause of action through complete pre-emption."  <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 8 (2003).

> ERISA contains a broad preemption clause, which states:
>
> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a). ERISA defines "State laws" to include "all laws, decisions, rules, regulations, or other State action having the effect of law." Id. § 1144(c)(1). The Supreme Court has stated that ERISA's preemption clause was intended to prevent employers from having to navigate a "patchwork scheme of regulation." Fort Halifax Packing Co. Inc. v. Coyne, 482 U.S. 1, 11 (1987).

In determining whether ERISA's preemption clause applies, this Court must address two issues. First, whether the Agreement qualifies as an ERISA plan. See Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989). And second whether Plaintiff's claims "relate to" the ERISA plan. Id.; see also Way v. Ohio Cas. Ins. Co., 346 F. Supp. 2d 711, 714 (D.N.J. 2004). Here, the Court should resolve both issues in the affirmative.

> 1. Plaintiff's Agreement Is a Severance Program Governed Exclusively by ERISA

Where an agreement providing severance "involve[s] a separate determination of each individual's eligibility for benefits," it typically requires an ongoing administrative system, rendering it an ERISA benefits plan. See Pane v. RCA Corp., 667 F. Supp. 168, 170-71 (D.N.J. 1987) (holding that an employer's severance plan was not a one-time payment but an ongoing benefit program that qualified as an ERISA benefits plan), *aff'd*, 868 F.2d 631 (3d Cir. 1989).

In Pane, the Third Circuit affirmed the District Court's ruling that individual severance agreements created by RCA to retain a small group of executives constituted an ERISA plan. Pane, 868 F.2d at 635. The District Court relied upon the fact that under each agreement, the employee was entitled to benefits only if he or she was terminated for reasons other than "cause." Pane, 667 F. Supp. at 170-71. Therefore, "the circumstances of each employee's termination [had to] be analyzed in light of [certain] criteria, and an ongoing administrative system constituting an ERISA plan exist[ed]." Id. at 171. In upholding the District Court's

3

ruling, the Third Circuit addressed the Supreme Court's decision in Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1 (1987), stating:

> Negatively, Fort Halifax Packing suggests that RCA's plan for awarding severance agreements to certain key executives is such a plan. It came into being on December 8, 1985, when RCA's board of directors authorized the concept and RCA's management identified a potential class of participants. It required an administrative scheme. Thus, the Court correctly held that the plan for awarding severance agreements is an ERISA employee benefit plan.

Pane, 868 F.2d 635.[1]

Other cases have adopted this same reasoning. In Alston v. Atlantic Electric Co., 962 F. Supp. 616, 623 (D.N.J. 1997), the court noted that "most . . . severance packages qualify as ERISA plans." The court distinguished between two severance plans, holding that while a plan that provided only a simple lump-sum payment did not qualify as an ERISA plan, a second plan that also "provided for six months of health care benefits and for outplacement training" did qualify. Id. The court explained that "[n]ot only are medical benefits and training programs specifically mentioned in 29 U.S.C. §1002(1), but also they clearly require an ongoing management scheme for their administration." Id. Because under the second plan, the employer "assumes a responsibility to pay benefits on a regular basis and has periodic demands that create a need for financial coordination and control," it was an ERISA benefits plan. Id.

Similarly, in Petersen v. E.F. Johnson Co., 366 F.3d 676 (8th Cir. 2004), in affirming the district court's refusal to remand a case to state court, the Court found that the plan at issue "had all the earmarks of one governed by ERISA." Id. at 679. First, the plan provided benefits that were not a one-time lump-sum payment, but instead included the continuation of medical and dental benefits to be paid out over time. Id. Second, because the plan provided for a maximum

---

[1] Plaintiff has made no attempt to distinguish the controlling Third Circuit precedent of Pane, which was previously cited in Defendant's Notice of Removal. See Notice of Removal ¶ 17.

benefits amount, the company was required to monitor the payment of those benefits on an ongoing basis. Id. Third, the company "undertook long-term obligations with respect to the payment of certain severance benefits." Id. And finally, "there was not a single, unique event (such as a plant closure) triggering payment of benefits to all participants. Rather, eligible participants would receive a severance package upon their individual 'termination without cause or termination without cause as a result of change in control.'" Id. at 679-80 (internal citation omitted). This final fact "required the company to engage in a case-by-case review of employees to determine eligibility for benefits; that is, [the company] had to determine whether a particular termination was with or without cause, and in some circumstances whether a change of control had occurred." Id.

Here, as in the cases cited above, Plaintiff's Agreement is covered by ERISA. As in Pane, Defendant issued agreements to key executives (including Plaintiff) to provide job security and to protect them in the event of a future acquisition. See Notice of Removal ¶ 6. Further, Plaintiff is entitled to different benefits under the Agreement depending on whether he is terminated "Upon Death," "Upon Disability," "For Cause," "Without Cause" or if a "Change in Control" occurs, or "Upon Retirement Age." See Agreement ¶ 4.[2] Thus, Cardone must first analyze the circumstances of Plaintiff's individual termination using the definitions in the Agreement to determine which of these provisions applies, if any.

The Agreement is also not limited to a single, lump-sum payment. For example, if terminated "Without Cause," as alleged by Plaintiff, the benefits payable include "continuation of the Executive's then annual salary for the five-year period following such termination." Id. Plaintiff would also receive "continued coverage under the Company group medical plan and

---

[2] The Agreement is attached to Plaintiff's Amended Complaint as Exhibit A.

5

[Supplemental Health Insurance Plan] . . . for the five-year period following such termination." Id. In addition to administering this scheme, further oversight and management is required. The obligation to provide continued medical coverage "shall cease if the Executive obtains comparable substitute coverage from another employer at any time during the five-year period following termination." Id. Finally, both the severance payments and the medical benefits terminate "[i]n the event the Executive breaches any of the restrictions or provisions" in the "Non-Compete; Non-Solicitation" section of the Agreement. Id. ¶ 8(h).

These facts establish that the Agreement requires an ongoing administrative scheme, including determination of eligibility (i.e., the grounds for termination), and the administration of payments and continuing medical coverage over a five-year period. Defendant must also monitor Plaintiff's eligibility for medical coverage with any subsequent employer during that five-year period and monitor Plaintiff's compliance with the restrictive covenants in Paragraph 8(h) (making determinations as to whether he "directly or indirectly" provides services to a "Competitor"). Thus, as in Pane, Alston and Peterson, such administrative requirements render the Agreement an ERISA plan.

By comparison, Plaintiff's reliance on Angst v. Mack Truck, Inc., 969 F.2d 1530 (3d Cir. 1992), is misplaced. The agreement in Angst involved a single, lump-sum payment and medical benefits for a short, set period, made to dozens of employees who all agreed to a buy-out. Id. at 1532, 1538-39. The medical benefits for the buy-out employees "would be administered in the same way as the benefits provided to active employees," and thus "did not require the creation of a new administrative scheme, and did not materially alter an existing administrative scheme." Id. at 1538-39. There was no requirement, as there is here, that the employer: (1) make a determination as to whether employees were terminated "for Cause;" (2) make severance

6

payments for a period of years; (3) monitor employees' future employment status to determine if medical coverage would continue; and (4) monitor employees' future employment status as to whether they violated restrictive covenants.  Angst is, simply put, inapposite,[3] and does nothing to change the conclusion that the Agreement in the instant matter is an ERISA plan.

### 2. Plaintiff's Claims Relate to the ERISA Plan

Having determined that the plan is an ERISA plan, the Court must also determine whether Plaintiff's claims "relate to" the plan.  See 29 U.S.C. § 1144(a).  "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan."  Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983); Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139 (1990).  ERISA's preemption clause is not limited to "state laws specifically designed to affect employee benefit plans," but also includes common-law causes of action that relate to an employee benefit plan.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (quoting Shaw, 463 U.S. at 98).  "The term 'relate to' has been construed broadly."  Pane, 868 F.2d at 635.

In Count I of the Complaint and Amended Complaint, Plaintiff claims breach of contract based on the Agreement itself.  See Compl. ¶ 13; Am. Compl. ¶ 12.  Specifically, Plaintiff claims that he was terminated without cause as defined by the Agreement and that Defendant failed to

---

[3] In addition, Plaintiff primarily relies on two cases from other Circuits.  See Mot. to Remand at 3 (citing Cantrell v. Briggs & Veselka Co., 728 F.3d 444, 448-49 (5th Cir. 2013); Dakota, Minn. & E.R.R. v. Schieffer, 648 F.3d 935 (8th Cir. 2011)).  In Cantrell, the court held that the plan did not qualify as an ERISA plan because it did not create an ongoing administrative scheme.  728 F.3d at 448-52.  And in Dakota, the court held (concededly in conflict with several other Circuits) that an agreement with a single person cannot qualify as an ERISA plan.  648 F.3d at 936-38.  Thus, in addition to being not binding on this Court, these cases are distinguishable, as the Agreement at issue here does create an administrative scheme and was entered into with several executives.

pay him severance pay required in such circumstances.  Compl. ¶¶ 10-13; Am. Compl. ¶¶ 10-12.  As stated above, the Agreement is the ERISA plan and, therefore, Count I plainly relates to it.

In Count II of the Amended Complaint, Plaintiff asserts that Defendant's alleged failure to pay him severance payments under the Agreement violated the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq. (the "WPCL").  As the Third Circuit has stated, a WPCL claim that seeks to recover benefits provided under an ERISA plan "relates to" the plan and is therefore preempted.  McMahon v. McDowell, 794 F.2d 100, 105-08 (3d Cir. 1986); see also Brandl v. Ace USA, No. 10-03512, 2011 WL 129422 at *7 (E.D. Pa. Jan. 14, 2011) (dismissing WPCL claims as preempted by ERISA).

Because the Agreement is an ERISA plan and both Counts I and Count II of the Amended Complaint relate to the Agreement, this Court has jurisdiction and Plaintiff's Motion should be denied.[4]

### B.   The Agreement's Choice-of-Law Provision Does Not Waive Defendant's Right to Raise ERISA Preemption as a Matter of Fact and Law

Plaintiff asserts that Defendant "explicitly waived the right to assert the affirmative defense of ERISA preemption to [his] state law claims."  See Mot. to Remand ¶ 22.  Plaintiff is both factually and legally incorrect.

Importantly, the choice-of-law provision in the Agreement expressly envisions proceeding within this Court, as it states that both parties consent to jurisdiction "in the federal courts in District of Pennsylvania."  See Agreement ¶ 14.[5]  The plain language of the agreement shows

---

[4]   To the extent Count III (Promissory Estoppel) is not preempted, this Court should exercise supplemental jurisdiction over same pursuant to 28 U.S.C. § 1367.

[5]   In addition to explicitly providing for jurisdiction in this Court, the Agreement also provides for jurisdiction in "the courts of the Commonwealth of Pennsylvania located in Philadelphia County."  Id. (emphasis added).  Thus, in addition to being fundamentally flawed, Plaintiff's argument is
Continued on following page

that the parties did not intend to divest this Court of jurisdiction; to the contrary, they explicitly agreed to subject themselves to it.

Further, it is well-established that the parties' choice-of-law provision cannot divest the Court of ERISA jurisdiction. See Tomkins v. United Healthcare of New Eng. Inc., 203 F.3d 90, 97-98 (1st Cir. 2000) ("Although in some circumstances contractual waiver of statutory rights is permissible, we find no case holding that parties may contractually waive the right to assert ERISA preemption."); Prudential Ins. Co. of Am. v. Doe, 140 F.3d 785, 791 (8th Cir. 1998) ("The choice of law provision in the contract does not alter the outcome here, for parties may not contract to choose state law as the governing law of an ERISA-governed benefit plan."); In re Sears Retiree Grp. Life Ins. Litig., 90 F. Supp. 2d 940, 951 (N.D. Ill. 2000) ("A choice of law provision does not operate to waive the applicability of federal law regarding interpretation of an ERISA plan.").

In addition to being irrelevant, none of the cases cited by Plaintiff contradict this well-established principle. For example, Plaintiff cites Saks v. Franklin Covey Co., 316 F.3d 337 (2d Cir. 2003), for the proposition that an "ERISA preemption in a benefits-due action is a waivable defense." See Mot. to Remand ¶ 23. However, Saks did not involve a choice-of-law provision in an ERISA plan. Instead, it involved a Defendant's attempt to raise preemption for the first time following the plaintiff's filing of a summary judgment motion. Id. at 349-50. The Second Circuit framed the issue as whether "the defense of ERISA preemption in a benefits-due action

---

Continued from previous page

    disingenuous, as Plaintiff has engaged in forum shopping by filing his Complaint in Bucks County and attempting to secure remand to that court, in direct contravention of the Agreement he signed.

may be waived <u>if not timely raised</u>." Id. at 349 (emphasis added).[6]  Saks simply does not support Plaintiff's position.

Similarly, Plaintiff cites Bruce v. Allianz Life Ins. Co., 247 F.3d 1133 (11th Cir. 2001), for the proposition that "[p]arties may prospectively waive the affirmative defense of ERISA preemption in a contract by choosing to have state law apply to claims for benefits due." See Mot. to Remand ¶ 24.  However, Bruce does not stand for the proposition that a party can waive the right to seek a federal forum pursuant to ERISA preemption through a choice-of-law provision.  Bruce involves the interpretation of language in an insurance policy and whether Georgia law could apply to the interpretation of undefined terms. Id. at 1139-40.  In its analysis, the Court specifically stated that the question before it was not "one of 'preemption' in the conventional sense of that term," but rather "whether the principles of liability agreed upon by the parties are inconsistent with the language of ERISA or the policies that inform that statute and animate the common law of the statute." Id. at 1148.  Bruce is inapposite.

Unlike the cases cited by Plaintiff, the authority cited above by Defendant firmly establishes that a choice-of-law provision in an ERISA plan does not operate to waive ERISA preemption.  For this additional reason, Plaintiff's Motion's should be denied.

---

[6] None of the cases by Plaintiff in Paragraph 23 are relevant. Instead, all relate to the issue of whether ERISA preemption is an affirmative defense that may be waived if not timely pled. See Rehab Inst. of Pittsburgh v. Equitable Life Assurance Soc'y of U.S., 131 F.R.D. 99, 100-02 (W.D. Pa. 1990) (holding that the defendant would not be allowed to amend its answer four years after the suit was filed to assert an ERISA preemption defense for the first time); Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 446-49 (1st Cir. 1995) (affirming the trial court's denial of a motion to assert an ERISA preemption defense that was filed one week before trial); Dueringer v. Gen. Am. Life Ins. Co., 842 F.2d 127, 129-30 (5th Cir. 1988) (holding that the defendant could not first raise an ERISA preemption defense on appeal after trial); Gilchrist v. Jim Slemons Imports, Inc., 803 F.2d 1488, 1497 (9th Cir. 1986) (explaining that the defendant's "preemption argument therefore implicates only a choice-of-law question that is waived unless it is timely raised").

### C. The Court Should Reject Plaintiff's Request For Attorneys' Fees

As described above, removal here was appropriate. Regardless, even if this Court were to remand the case, Plaintiff's request for fees and costs under 28 U.S.C. § 1447(c) should still be denied.

Section 1447(c) provides a district court broad discretion over whether to require payment of costs and expenses incurred as a result of a removal if the court orders remand. 28 U.S.C. § 1447(c). "[T]he mere determination that removal was improper" does not require the imposition of fees. Valdes v. Wal-Mart Stores, 199 F.3d 290, 292 (5th Cir. 2000). Indeed, the Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital, 546 U.S. 132, 141 (2005). Where a defendant asserts a good-faith argument for removal, especially where the issues presented are close questions, an award of attorneys' fees is not warranted. See Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365 (E.D. Pa. 2000) (denying a request for fees where the defendant's "arguments in support of removal [were] by no means without foundation").

Defendant has shown that removal here was proper. But even if the Court were to disagree, Plaintiff cannot establish that Defendant's removal was "objectively [un]reasonable." Contrary to Plaintiff's claim that "the case law is clear that an individual employment agreement does not constitute a plan under ERISA" (Mot. to Remand ¶ 30), the Third Circuit has ruled that individual severance agreements created to retain a small group of executives can constitute an ERISA plan. See Pane, 868 F.2d at 635. Plaintiff's only support for this assertion is Dakota, Minnesota & E.R.R. v. Schieffer, 648 F.3d 935, 938 (8th Cir. 2011), in which the Eight Circuit

11

explicitly conceded that its holding was in conflict with several other Circuits.[7]  Further, as set forth above, Plaintiff is simply wrong on the law when he argues that Defendant has waived its right to assert a defense of ERISA preemption.  See Mot. to Remand ¶ 31.  Plaintiff's Motion to Remand and his request for fees should both be denied.

### IV.  CONCLUSION

For the foregoing reasons, this Court has jurisdiction under ERISA.  Specifically, Count I of the original Complaint, and Counts I and II of the Amended Complaint, relate to an ERISA plan and, therefore, this Court has original jurisdiction over these claims.  Defendant respectfully submits that Plaintiff's Motion to Remand should be denied in its entirety.

Respectfully submitted,

By: /s/ Sara A. Begley
Sara A. Begley, Esq.
Don A. Innamorato, Esq.
**REED SMITH LLP**
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
(215) 851-8100

*Attorneys for Defendant/Counterclaim Plaintiff, Cardone Industries, Inc.*

Dated:  October 2, 2015

---

[7]  "We recognize that several circuit court decisions have concluded that a contract with a single employee to provide post-termination benefits may be a 'one-person' ERISA plan if it satisfies the 'administrative scheme' criteria of Fort Halifax."  Id.

12

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 2, 2015, I caused a copy of Defendant's Opposition to Plaintiff's Motion to Remand to be served via ECF.

Kevin J. Handy, Esq.<br>
Cooley & Handy<br>
Attorneys at Law, PLLC<br>
100 South Main Street, Suite 201<br>
Doylestown, PA  18901<br>
khandy@cooleyhandy.com

    */s/ Sara A. Begley*
Sara A. Begley