UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FRANK ZGRABLICH,**

    **Plaintiff/Counterclaim Defendant,**

    v.

**CARDONE INDUSTRIES, INC.**

    **Defendant/Counterclaim Plaintiff.**

**CIVIL ACTION NO. 2:15-cv-04665-RBS**

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), the parties submit the following draft report for the Court's consideration:

    **1.**    **Discussion of Claims, Defenses and Relevant Issues**

On or about June 8, 2015, Plaintiff Frank Zgrablich ("Plaintiff') initiated this action by filing a Complaint in the Pennsylvania Court of Common Pleas of Bucks County.  On or about July 17, 2015, Plaintiff filed a Praecipe to Reinstate Complaint.  On August 17, 2015, Defendant Cardone Industries, Inc. (hereinafter "Cardone Industries" or "Defendant") timely removed this case to the United States District Court for the Eastern District of Pennsylvania.  Plaintiff filed a Motion for Remand on September 15, 2015, which was denied by the Court on February 3, 2016.  The operative complaint is Plaintiff's First Amended Complaint, filed September 14, 2015.  Defendant filed an Answer with Counterclaims on October 1, 2015.  Plaintiff filed his response to Defendant's Counterclaims on October 16, 2015.

Plaintiff contends that his employment was terminated *without cause* and, as such, he claims to be entitled to the benefits provided for in his Employment Agreement.[1]  Defendant contends that Plaintiff was in fact terminated *for cause* and, as such, he is *not* entitled to the

---

[1] In the Court's opinion of February 3, 2016 denying Plaintiff's Motion for Remand, the Court concluded that the Employment Agreement is an ERISA benefit plan.

benefits provided for in his Employment Agreement. Defendant has also asserted affirmative defenses and numerous counterclaims against Plaintiff, including for conspiracy, breach of contract, tortious interference, unfair competition, breach of duty of loyalty, breach of common law duty not to disclose proprietary information and breach of implied covenant of good faith and fair dealing.

### 2.    Initial Disclosures

Plaintiff submitted his initial disclosures on October 23, 2015. Defendant submitted its initial disclosures on October 30, 2015.

### 3.    Fact Discovery

Prior to the removal of this case to federal court, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents upon Defendant on July 17, 2015 as part of his Complaint filed with the Pennsylvania Court of Common Pleas of Bucks County. By agreement of counsel, the due date for Defendant's responses to the Interrogatories and Document Requests was extended to August 24, 2015. On August 17, 2015, prior to the due date for Defendant's responses, Defendant timely removed this case to the United States District Court for the Eastern District of Pennsylvania. On August 24, 2015, Defendant served its Objections and Responses to Plaintiff's First Set of Interrogatories and First Request for Production of Documents, including Defendant's objection that Plaintiff's discovery requests were null and void given the removal to federal court, with citation to relevant case law. On February 12, 2016, Plaintiff re-served his First Set of Interrogatories and First Request for Production of Documents.

Defendant served its First Set of Interrogatories and First Request for Production of Documents upon Plaintiff on October 30, 2015. Plaintiff served written responses to same on November 25, 2015. Plaintiff has not yet produced any responsive documents but has offered the documents for viewing at Plaintiff's counsel's office.

The parties propose that fact discovery be completed by September 30, 2016.  Defendant anticipates that discovery will be needed on plaintiff's employment history, his performance of his job duties and responsibilities, as well as issues relating to Defendant's counterclaims against Plaintiff.  In addition to the forgoing, Plaintiff anticipates that discovery will be needed on the reasons that Defendant terminated Plaintiff, related litigation taking place in Texas styled as *Cardone Industries, Inc. vs. Joel Farina & BBB Industries*, and Defendant's claimed damages.  With respect to this particular issue, Defendant believes that Court guidance may become necessary.

4. **Early Settlement or Resolution**

To date, the parties have not engaged in any settlement negotiations.  However, on February 16, 2016, Plaintiff made a demand of $1.260M.  The parties agree to scheduling a settlement conference after Plaintiff's deposition is taken.

5. **Trial date**

The parties also propose that dispositive motions be filed on November 15, 2016 and responses to dispositive motions be filed on December 15, 2016.  All pre-trial submissions shall be filed thirty (30) days from the disposition of dispositive motion(s).

6. **Other Matters**

Defendant perceives no need for changes to the ordinary scope and extent of discovery provided for under the Federal Rules of Civil Procedure.  The parties do not anticipate requiring expert discovery at this time.

At this time, the parties have not confirmed the need for the issuance of orders by the Court under Rule 26(c) (protective orders) or Rule 16(b) beyond those contemplated by this Court's standard operating procedures.  Although issues relating to former employee Joel Farina may require same.

Counsel listed below will be in attendance at the Initial Pretrial Conference, currently scheduled for February 22, 2016.

Dated:  February 18, 2016

*/s/ Sara A. Begley*
Sara A. Begley
REED SMITH LLP
Three Logan Square
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
(215) 851-8214
sbegley@reedsmith.com

Attorneys for Defendant

*/s/ Kevin J. Handy*
Kevin J. Handy
Cooley & Handy
Attorneys at Law, PLLC
100 South Main Street, Suite 201
Doylestown, PA  18901
(215) 345-8000
khandy@cooleyhandy.com

Attorney for Plaintiff